IN RE APPLICATION OF HERBERT M. KIMBALL, 2d, FOR POOR DEBTOR'S OATH.

PROVIDENCE—AUGUST 5, 1898.

PRESENT : Stiness, Tillinghast and Douglas, JJ.

The uniform construction of the poor debtor's act has been that its benefit is for all judgment defendants except those expressly excluded by it.

The poor tort debtor's act did not, when it was passed, include an execution defendant for negligence.

The enabling and restrictive provisions of these acts have neither been enlarged or limited, and the former act stands upon the same construction that has been given to it for a hundred years.

The later acts requiring board to be paid in tort cases relate simply to board, and the provisions relating to the relief itself to poor debtors has not been altered.

Hence, one imprisoned on execution in an action on the case for negligence is within the poor debtor's act and entitled to the relief provided by it.

The history of the legislation relating to relief of poor debtors, and of poor tort debtors reviewed.

Petition to be admitted to take the poor debtor's oath.

The case was brought before Stiness, J., as a single justice. Considering that the gravity of the matter demanded it, he referred it to the Appellate Division, by consent of parties, in vacation.

Stiness, J. The petitioner was imprisoned on execution in an action of trespass on the case for negligence, July 22, 1898.

He now applies for leave to take the poor debtor's oath.

The question is whether he is now entitled to take the oath under Gen. Laws cap. 260, or whether as a poor tort debtor he can only take it after six months, as provided in cap. 261. In other words, is this case included in the provisions of cap. 260 ?

From the instructive review of the history of this legislation given by Mr. Justice Brayton, in *Thompson* v. *Berry*, 5 R. I. 95, we find that the first act, in the digest of 1798, gave the relief to "any person imprisoned on mesne process or execution issued from any court in this state." He adds : "This act clearly did not confine the benefit of it to those persons imprisoned for debt in any technical sense of the term, either as distinguished from damages, or as distinguished from costs." The same language is used in acts passed in February, 1803, and February, 1805. In May, 1803, the act was extended to Narragansett Indians, "committed to gaol for debt," upon mesne process or execution. The digest of 1822 had the words "imprisoned for debt," and an act, passed in 1827, excluded the relief in cases of execution "for tres-

·pass or other injury committed with force, or for any malicious injury to the person, health, liberty, or reputation of the plaintiff in such suit."

Judge Brayton says : " This shows clearly that the term ' debt' had been understood to include damages in all actions for torts, as well as in suits *ex contractu*. There could be no necessity for this amendment upon any other construction, and it could have no other operation." He also points out that the evident purpose of the act is to relieve those who from poverty are unable to pay the money, for want of which they are committed, and that this purpose is equally applicable to payment of money for damages and debts, except in the cases which had been specially excepted from the operation of the statute.

In the digests of 1844 and 1857 the provisions of the act remained substantially the same, except that, in 1844, a new section was introduced, excluding from the benefit of the act every person who should be committed on execution awarded against him " as plaintiff in replevin, or as defendant in any action on a penal statute, or in any action of trover or detinue, or for any malicious injury to the person, health, or reputation of the plaintiff in such suit, or for breach of promise of marriage, or for seduction, or for any trespass excepting only such as are named in the eighth section of this act" (*i. e.* trespass and ejectment, and trespass *qu. cl.* in which the title to the close was in dispute).

In 1862 this court held that one imprisoned for want of bail, in an action for deceit, was not entitled to be discharged upon taking the poor debtor's oath, because he was not imprisoned for *debt*. Rev. Stat. R. I. cap. 198, §§ 1, 16.

Ames, C. J., said : " The sixteenth section, which expressly excludes from the benefit of the statute persons committed on execution, in certain enumerated actions, not including the action for deceit, was passed to put at rest a notion, and practice conforming to it, formerly very prevalent ; which was, that no matter what the cause of action, after judgment was obtained in it for damages, the cause of action was merged in the judgment, and, therefore, in the

sense of this statute, and for its relief, every person impris-
oned on execution issued on such judgment was imprisoned
for debt.   We have nothing, now, to do with the soundness
of this reasoning, but merely to notice it, and to trace to it
the origin of this section, applicable, as appears from its
terms, to poor persons committed *on execution*.   As the ap-
plicant is imprisoned on *mesne* process, it cannot help him.
It was designed to limit the operation of the first section, by
amending it, as it had been construed." *In re Payton*, 7
R. I. 153.

Up to this point it is clear that a person committed on ex-
ecution in any case, not among those enumerated in the ex-
cluding section, could have the benefit of the act.

In January, 1876, Pub. Laws cap. 544, the act for the re-
lief of poor tort debtors, appears.   It provides:  "Whenever
any person shall have been imprisoned for six months upon
original writ, *mesne* process, execution," &c., "in any ac-
tion hereafter brought on any penal statute, action of trover,
trespass, trespass and ejectment, in which the title to the
close is not in dispute, *or other civil action in which such
person is not now entitled to his discharge*, upon being ad-
mitted to take the poor debtor's oath," he may petition for
relief, &c.

It is claimed that, as the judgment in this case is not for
*debt*, there can be no relief under the poor debtor's act, so-
called ; but that it must be under the poor tort debtor's act.

As the cause of action in this case is not specified among
the causes of action in the act relating to poor tort debtors,
it has been necessary to make this review, in order to see in
what actions the defendant was not entitled to his discharge
when that act was passed.

We find that the construction of the poor debtor's act gave
the benefit of it to all judgment defendants except those ex-
pressly excluded by the act ; and that these, in addition to
those named in the poor tort debtor's act, were execution de-
fendants for malicious injury to person, health, or reputation,
and for seduction.

Hence it follows that an execution defendant for negligence

was not within the poor tort debtor's act when it was passed. Although the chapters are separate, the evident intent of including certain actions in the tort law is to exclude them from the other. It is not the best form of legislation, but the purpose is clear.

Prior to this act, beginning with Gen. Stat. (1872) cap. 216, there was a provision that a defendant committed in penal actions, or in trover, trespass, &c., and in slander, could cause a citation to be issued to the plaintiff to require him to pay the board of the prisoner on penalty of his discharge.

In May, 1878, this act was amended by adding to it actions for breach of promise of marriage, deceit, "or for any action otherwise arising in tort." This act, however, only requires the plaintiff in such cases to pay board for the prisoner, and has no relation to the question of his right to the relief for poor debtors.

It includes the action for breach of promise of marriage, which this court has decided to be an action *ex contractu* and not a tort. *Malone* v. *Ryan*, 14 R. I. 614. *Drury* v. *Merrill*, 20 R. I. 2.

Without changes affecting the question now raised, the law remains the same in Gen. Laws cap. 260 and cap. 261; the former relating to poor debtors and the latter to poor tort debtors. The enabling and restrictive provisions of neither act have been enlarged or limited, so that the former act stands upon the same construction which has been given to it, as we have seen, for a hundred years. That construction gives the relief to any person committed on execution, excepting those in cases specially mentioned. Although it appears in the decision of *In re Payton* that Judge Ames did not approve of the construction, so far as related to tort actions, he admits that it had prevailed, and that the restrictive act had been passed, as an amendment, on account of it. We must, therefore, take the act with its uniform construction.

Doubtless an impression may have grown up that torts, since the acts requiring board to be paid in tort cases, begin-

ning in January, 1852, were not included in the poor debtor's act; yet the foregoing examination shows that the acts relate simply to board, and that the provisions in regard to the relief itself to poor debtors have not been altered.

Such an impression may have sprung from the fact that, since the revision of 1882, the provisions in regard to board and to the relief of poor tort debtors have been combined in the same chapter. But they are so distinct in their terms that the provisions in regard to board, one of which, as we have seen, does not include a tort action, that they can not be held to modify the section in regard to relief.

In the argument of this case stress was laid upon the broad language of Gen. Laws cap. 261, sec. 1, which includes "any action otherwise arising in tort." These, as we have seen, are the words which were put into the act requiring the payment of board. In this particular chapter they are absolutely meaningless. The intention evidently was to reproduce the old law relating to board; but by strange oversight the first three sections made no reference to board, nor to what the citation provided for is to be, nor to whom it is to be returnable, nor to what the creditor is to do. In fact they provide for nothing. They are also needless, since cap. 259, sec. 1, provides for the payment of board "in any action whatsoever." Then comes the fourth section, as formerly, specifying certain actions in which relief may be given to poor tort debtors after six months, but it has no language which embraces the cause of action in this case, and section 5, relating to the hearing and relief, refers only to the preceding section, which is section 4.

The conclusion follows that the petitioner stands as one who, all along, has been construed to be within the poor debtor's act, and hence he is entitled to the relief for which he prays.

*Herbert Almy*, for petitioner.

*George A. Littlefield*, for committing creditor.