TAYLOR, SYMONDS & COMPANY *vs.* GEORGE N. BLISS.
JACOB DONDIS *v.* GEORGE N. BLISS.

MAY 5, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)   *Poor Debtor's Oath.   Application Before Arrest.*

Where execution has issued in an action of deceit, although debtor has not been taken under it, he may make application for relief under Gen. Laws, 1909, cap. 326, § 17, for the relief of poor debtors.

The benefits of this act are conferred upon all except those excluded by section ten thereof, and an action of trespass on the case for deceit is not among the excepted actions.

(2)   *Poor Debtor's Oath.   Application Made to Whom.*

The time within which a defendant may apply for the relief to the court before which any action is pending, under section 12 of the act is limited to the period preceding the issuance of execution against him; hence, after execution *has* issued, a defendant may apply to a magistrate under the provisions of section one of said act.

PETITIONS for writ of prohibition.   Heard and denied.

DUBOIS, C. J.   These are petitions for writs of prohibition against the justice of the District Court of the Seventh Judicial District, to restrain him from administering the oath for the relief of poor debtors to one Nathan Gluckman, against whom execution has been issued in favor of each of the petitioners in an action of deceit.   Nathan Gluckman has not yet been taken upon the executions served, but has, nevertheless, made application for relief therefrom under the provisions of Gen. Laws, 1909, cap. 326, § 17, which reads as follows:   "Every defend-

ant in any execution, who would, if committed to jail thereon, and every person against whom final judgment has been rendered in any civil action, who would, if committed to jail on execution to be issued thereon, be entitled to be admitted to take the oath aforesaid, may apply in the manner hereinbefore mentioned for a citation to his creditor to show cause why he should not be admitted to take said oath."

The petitioners respectively contend that said execution debtor is not eligible to relief merely as a *poor debtor* under said chapter 326, but should be regarded as a *poor tort debtor*, subject to the provisions of Gen. Laws, 1909, cap. 327. They also urge that if he should be regarded as a poor debtor his application for relief should be made to the court wherein the actions are pending, to wit: the Superior Court, under said chapter 326, sections 12 to 16, both inclusive: "Sec. 12. The court before which any action is pending for the recovery of any debt or demand for which the defendant, if committed to jail thereon, would be entitled to be admitted to take the oath aforesaid, may administer the said oath to the defendant as hereinafter provided.

"Sec. 13. The defendant in such case may apply to the court in which such action is pending for a citation to the creditor to appear at the court to show cause why the defendant should not be admitted to take said oath.

"Sec. 14. Such citation shall be served by any sheriff, deputy-sheriff, town sergeant, or constable, at least four days before the time therein appointed for taking said oath, by reading the same to the plaintiff or by leaving an attested copy thereof at his last and usual place of abode in this state, with some person living there, and such citation shall be returned to the court in which such action is pending. If the plaintiff does not reside in this state, service of such citation may be made in like manner upon the agent or attorney of record of the plaintiff in this state.

"Sec. 15. If it shall appear to the court in which the said action is pending, that notice has been given as before provided, such court shall examine the defendant on his oath concerning

his estate and effects and the disposal thereof and may also receive any other evidence offered by the defendant or by the plaintiff, and upon such examination the court may, in its discretion, administer to the defendant the said oath.

"Sec. 16.  If said oath be administered, the execution which may be issued against the defendant in such action shall run against the goods and chattels or real estate of the defendant and not against his body."

(1)  We are of the opinion that there is no merit in any of the contentions of the petitioners.  As was stated by Stiness, J., in the case of *In Re Application of Kimball*, 20 R. I. 688, 691 (1898):  "We find that the construction of the poor debtor's act gave the benefit of it to all judgment defendants except those expressly excluded by the act."  Likewise, Gen. Laws, 1909, cap. 326, the act in force at the time said Gluckman made his applications to said justice for permission to take the poor debtor's oath, gives its benefits to all except those excluded by section 10 thereof, which reads as follows:  "No person who shall be committed on execution awarded against him as plaintiff in replevin or as defendant in any action on a penal statute or in any action of trover or detinue, or for any malicious injury to the person, health or reputation of the plaintiff in such suit, or for seduction, or for any trespass, excepting only such as are particularly named in section one, shall be deemed to be within the meaning of the provisions of that section or entitled to be admitted to take the oath as aforesaid."

The petitioners contend, however, that deceit is a malicious injury to the person and clearly comes within the provisions of this section.  Such a claim was considered in the case of *Francesco Bucci* v. *George N. Bliss*, M. P. No. 19, and disposed of in an unreported rescript, filed July 2, 1906, which is of the tenor following:  "This application is governed by the case of *Kimball*, 20 R. I. 688.  The reasoning of the opinion in that case applies equally well to an action of trespass on the case for deceit as to an action of trespass on the case for negligence.  Therefore the application for a writ of prohibition must be denied."

As the law has not been changed since the rendition of said decision, the present cases are governed by it.

(2)    We are also of the opinion that the time within which a defendant may apply for the relief before the court afforded by chapter 326, sections 12, *et seq.*, hereinbefore set forth, is limited to the period preceding the issuance of execution against him, because the provisions of section 16 aforesaid which aptly refer to an execution to be issued do not purport to include a case where an execution has already been issued. Moreover, the legislature has made ample provision for such cases in the very next section, viz., section 17, hereinbefore referred to.

For the foregoing reasons the petitions for writs of prohibition must be denied and dismissed.

*Charles Z. Alexander,* for petitioner.
*James A. Shields,* for respondent.