FERDINANDO FAINARDI *et al. vs.* LOUIS W. DUNN, Justice.

MARCH 2, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. This is a petition for a writ of *certiorari* directed to the respondent in his capacity as a magistrate in examining and acting upon the application of Ettore

Sghelli to take the poor debtor's oath. The petitioner prays that the respondent be required to certify the record relating to said application to this court to the end that so much thereof as is illegal may be quashed.

The respondent has forwarded the record in question to us and has also approved the truth of a transcript of the evidence taken before him at the hearing upon said application. This transcript is before us.

The applicant for the oath, Ettore Sghelli, was one of the defendants in an action for deceit, against whom final judgment has been rendered in the superior court, and who is liable to be committed to jail upon execution issued on said judgment.

There is no statutory method provided for review of the decision of a magistrate upon an application to take the poor debtor's oath. The petition sets forth that the determination of the respondent now in question was erroneous in law.

In the exercise of its final revisory jurisdiction upon all questions of law and equity, this court has issued a writ of *certiorari*, when no other remedy has been specifically provided by statute for the review of alleged errors of law committed in an inferior tribunal. *Providence Theatre Co.* v. *District Court*, 38 R. I. 12.

The respondent found said Sghelli entitled to take the oath, and administered the same to him. The statutory form of oath includes among other things the following: "I have not, since the commencement of this suit against me or at any other time, directly or indirectly, sold, leased or otherwise conveyed or disposed of to, or entrusted any person or persons whomsoever with, all or any part of the estate, real or personal, whereof I have been the lawful owner or possessor, with any intent or design to secure the same or to receive or to expect any profit or advantage therefrom for myself or for any of my children or family or any other person, or have caused or suffered to be done anything else whatsoever whereby any of my creditors may

be defrauded, so help me God." Section 5, Chapter 377, General Laws 1923.

The petitioner claims that the action of the respondent, in administering said oath to Sghelli, was erroneous in law, for the reason that Sghelli testified before the respondent that he had, between the time of the commencement of said suit, in which judgment had been entered against him, and the time of the hearing before the respondent, made an assignment of his property. The petitioner further claims that it clearly appears from the testimony of Sghelli that said assignment was made by him with the intent to secure the same and receive profit and advantage to himself whereby his creditors were defrauded.

In *certiorari* this court will not review and reverse findings of fact made by an inferior tribunal but will examine the evidence solely to pass upon questions of jurisdiction and questions of law, *e. g.*, to determine if there was any competent evidence before that tribunal which supports its decision, or if such decision was made in disregard of the uncontroverted evidence before the tribunal. *Lonsdale Co.* v. *License Commissioners*, 18 R. I. 5; *McCarty* v. *Aldermen*, 38 R. I. 385; *Baur* v. *Town Council*, 39 R. I. 500. An examination of the evidence fully supports the petitioner's claim that, previous to the hearing before the respondent and since the entry of judgment, the debtor had made an assignment of all claims and demands which he had against the Outlet Company, a corporation doing business in Providence; that said assignment ostensibly secured to the assignee named therein certain claims due and arising to the debtor before the time of the hearing but that the debtor had a secret agreement with the assignee whereby nearly all of said assigned claims were secured to the debtor's own use. This assignment was in fraud of the creditors of Sghelli. *Robinson* v. *McKenna*, 21 R. I. 117; *Lennon* v. *Parker*, 22 R. I. 43. With this undisputed evidence, given by the debtor himself, before the respondent, it was error in law for him to administer the oath to the debtor.

The writ of *certiorari* will issue and on it judgment will be entered that the record of the action of the respondent in admitting the debtor to take the poor debtor's oath is quashed, as is also the certificate to that effect given to the debtor under the hands and seal of the respondent, in accordance with the provisions of Section 21, Chapter 377, General Laws 1923.

*Flynn & Mahoney, James W. Leighton,* for petitioner.
*William C. H. Brand* for respondent.