JOHN DI IORIO *vs.* CHARLES R. EASTON, Associate Justice of the District Court of the Sixth Judicial District.

JUNE 28, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

430

SWEENEY, J. This is a petition for a writ of *certiorari*. The writ was issued and the record and papers in the case have been certified to this court. The record consists of a decision by respondent upon the complaint and request of Thomas Russe that he be permitted to take the poor debtor's oath and a transcript of the evidence taken at the hearings upon the complaint. At the close of the hearings, respondent granted Russe's request and administered the oath forthwith but withheld the certificate thereof in order to give the petitioner an opportunity to procure a review of the proceedings in this court. §§ 5753, 5754, G. L. 1923.

Petitioner asks that the decision of respondent, permitting Russe to take the oath, be quashed on the ground that Russe conveyed certain real estate in fraud of his creditors and consequently that he should not be permitted to take an oath which would require him to swear that he had not caused or suffered to be done anything whereby any of his creditors might be defrauded. § 5753, G. L. 1923.

February 14, 1927, Di Iorio commenced an action of the case in deceit against Russe and his wife by writ of arrest issued out of the Superior Court. The case proceeded to judgment against Russe. Some of the facts leading up to the service of execution are stated in the case of *Di Iorio* v. *Andrews, Sheriff*, 159 Atl. 834. Execution was served upon Russe after he had been committed to jail by his bail February 29, 1932. On January 4, 1932, Russe's request to be admitted to take the poor debtor's oath was denied by a justice of the Superior Court. July 1, 1932, Russe complained to respondent that he was imprisoned on execution; that he had no estate and requested to be admitted to take the poor debtor's oath. He represented that there had been a change in his circumstances since the denial of his previous request, namely, that he had made a general assignment of his property for the benefit of his creditors. The assignment was acknowledged June 28, 1932. Such

an assignment has been held to be a sufficient change in the circumstances of the debtor as to justify the issuing of a second citation to his committing creditor. *Burdick* v. *Simmons*, 9 R. I. 17; *Carlin* v. *Easton*, 51 R. I. 421.

Respondent issued a citation to the committing creditor, the petitioner, who appeared at the time appointed for the hearing. He claimed that Russe had conveyed four different parcels of real estate in fraud of his creditors from June, 1926, up to the time of the hearing. The hearings on the petition occupied several days and much evidence, record and oral, was introduced relating to the transfers of real estate by Russe.

Respondent wrote a lengthy decision in which he considered the question of his jurisdiction of Russe's petition, the effect of the denial of his former petition and the question whether the evidence established the fact that he had conveyed his real estate in fraud of his creditors. Respondent considered the evidence in detail relating to Russe's transfers of real estate and found that he had not caused or suffered to be done anything whatsoever whereby any of his creditors might be defrauded and that he had not made any conveyance "with any intent or design to secure the same or to receive or to expect any profit or advantage therefrom for himself or for any of his children or family or any other person." Respondent also found as a fact that Russe had placed all of his property—if he possessed any— or rights therein in the hands of his assignee.

The committing creditor alleges that respondent erred in granting Russe's petition to take the oath because "there was no competent legal evidence, direct or indirect, of any kind introduced at the hearing sufficient to support the ruling and decision of said justice," and that said respondent "granted said petition without any evidence to support his ruling and decision and was wholly without jurisdiction and authority to grant the petition of said Russe."

A writ of *certiorari* does not lie to review findings of fact and this court will not examine the findings of fact or

432

consider the evidence except in so far as it may be necessary to determine whether or not the inferior tribunal had jurisdiction of the proceeding and whether or not rulings objected to were correct. *Keenan* v. *Goodwin,* 17 R. I. 649; *Maroney* v. *City Council of Pawtucket,* 19 R. I. 3; *Smith* v. *Burrillville Town Council,* 19 R. I. 61; *Lowrey* v. *Mayor of Central Falls,* 23 R. I. 354; *Chace* v. *City Council of Providence,* 36 R. I. 331, 371; *Coggeshall* v. *Harbor Commission,* 50 R. I. 175.

We have not examined the evidence for the purpose of reviewing the findings of fact made by the respondent. We have examined it for the purpose of determining whether he had jurisdiction of Russe's petition and whether there was competent evidence to support his findings of fact. We determine both of these issues in the affirmative. It follows that the writ of *certiorari* is quashed.

The record and papers in the case are ordered returned to the District Court of the Sixth Judicial District.

*O'Shaunessy & Cannon, Peter L. Cannon,* for petitioner.
*Pettine, Godfrey & Cambio,* for respondent.