251 A.2d 539.

EDWARD WHITE *vs.* TENTH DISTRICT COURT.

MARCH 28, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This petition for certiorari by a judgment creditor asks us to review the action of a district court judge who admitted a judgment debtor to the poor debtor's oath and thereby relieved him from his imprisonment in the adult correctional institutions where he had been committed on an execution issued on a superior court judgment of approximately $3,100 obtained in a suit brought to recover the unpaid balance due on a promissory note.

The initial question posed by petitioner in his brief was whether G. L. 1956, §10-13-1, as amended, permitted the debtor to take the oath within 13 days of his original commitment, or whether instead he should have awaited the passage of six months as requird by the poor tort debtor's act. After thus raising what he considered a decisive issue, petitioner then conceded both in his brief and oral argument that the debtor falls within the §10-13-1, as amended,[1] enumeration of poor debtors eligible to take the oath; that he was not excluded from that list under §10-13-2, as amended; and that *In Re Application of Kimball,* 20 R. I. 688, 41 A. 230, decided that a poor debtor imprisoned for debt on an execution issued in a civil action and not specifically excluded from the statutory list of eligibles under the limiting provision (§10-13-2, as amended) is entitled to take the poor debtor's oath at any time after his commitment and need not wait out six months in prison. We commend petitioner for his candor in making these concessions and in calling our attention to the *Kimball* case. In the light of his concessions, however, and in the absence of any convincing argument for overruling *Kimball,* we see no reason for discussing the question he has posed. We hold, therefore, that the judgment debtor was eligible to take the oath even though he had only been imprisoned for 13 days when it was administered.

As an additional ground for urging that the district judge's order be quashed petitioner urges that the judgment debtor had directly or indirectly transferred some of his assets in fraud of his creditors, and that he therefore

---

[1]In pertinent part §10-13-1, as amended, reads: "Except as is otherwise provided by §10-13-2, any person who shall be imprisoned for debt whether on a writ of arrest issued at the commencement of an action, mesne process, or execution, or on execution awarded against him as defendant in any action to recover the possession of land or trespass to land, in which title to the land was in dispute between the parties * * * may request to be admitted to take the poor debtor's oath."

was not entitled to take the poor debtor's oath which, as prescribed by §10-13-8, required him to swear or affirm that

"* * * I have not, since the commencement of this suit against me or at any other time, directly or indirectly, sold, leased or otherwise conveyed or disposed of to, or intrusted any person or persons whomsoever with, all or any part of the estate, real or personal, whereof I have been the lawful owner or possessor, with any intent or design to secure the same or to receive or to expect any profit or advantage therefrom for myself or for any of my children or family or any other person, or have caused or suffered to be done anything else whatsoever whereby any of my creditors may be defrauded * * *."

We test the validity of petitioner's assertion that there had been a transfer in fraud of creditors by examining the evidence, not in order to review the district judge's factual determinations, but for the limited purposes of deciding whether he had jurisdiction of the petition and whether there was competent evidence to support his finding. *Di Iorio* v. *Easton,* 53 R. I. 429, 167 A. 137; *Fainardi* v. *Dunn,* 46 R. I. 344, 128 A. 207.

The petitioner does not challenge the district judge's jurisdiction. He does, however, call our attention to several insignificant gifts allegedly made by a now defunct corporation with which the debtor was affiliated as a stockholder and officer. He goes on to say that as a result of those gifts the debtor's stock interest was diluted and his creditors thereby at least indirectly defrauded. Even if there were merit to that argument, the district judge apparently rejected the evidentiary basis upon which it rested, and accepted the debtor's explanation that the responsibility for making the gifts, if indeed they were made, was not his. Under these circumstances our examination of the record satisfies us that there was competent evidence to support the trial justice's finding that the debtor "* * * has not conveyed or concealed his estate with design to

secure the same to his own use or to defraud his creditors
* * *."

It follows that the writ of certiorari must be quashed.

*Samuel A. Olevson,* for petitioner.

*Levy, Goodman, Semonoff & Gorin, Jeremiah J. Gorin, Nathan W. Chace,* on behalf of Arnold Schutter, for respondent.