GLADYS BROWNING *vs* EDGAR A. BROWNING, JR.

FEBRUARY 13, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. Respondent filed this petition for a writ of certiorari to determine the validity of an interlocutory decree entered in a divorce case pending in the Superior Court.

Mrs. Browning filed a petition for absolute divorce and with it a motion for support, until decision on her divorce petition, for counsel and witness fees and for the custody of their two year old son. At the hearing on this motion June 24, 1932, petitioner and respondent testified. Decision was then rendered granting the custody of the child to Mrs. Browning and ordering respondent to pay $5 per week for its support. July 5 decree was entered in accordance with this decision.

Respondent filed this petition for a writ of certiorari November 23 and prayed that, for the reasons alleged, the decree be quashed. Respondent alleges that at the hearing on the motion for the allowance, the testimony showed he was unemployed and that he had no money or property with which to pay his wife the sums ordered; that he was to make such payments out of money to be earned by expected employment; that up to the time of the signing of the petition, (July 29) he had not obtained employment. He also alleges that the court was without jurisdiction to make the order and decree, that it was against the law and the evidence; that his circumstances and ability to pay were not sufficiently taken into consideration and that the order was an abuse of discretion.

The primary office of a writ of certiorari is to review the action of an inferior tribunal taken without jurisdiction or in excess of the jurisdiction given to it, and such writ does not ordinarily lie to correct error in the exercise of jurisdiction. *Cohen* v. *Superior Court*, 39 R. I. 272; *Bishop* v. *Superior Court*, 50 R. I. 13.

There is no merit in the allegation that the court was without jurisdiction to make the order and decree. By statute the Superior Court has exclusive original jurisdiction of petitions for divorce, separate maintenance, alimony and the custody of children. G. L. 1923, §§4225, 4626.

The several allegations as to lack of proof that respondent was able to pay the amount ordered for the support of his child cannot be sustained. This court has held that on

certiorari we will not review and reverse findings of fact made by an inferior tribunal, but will examine the evidence solely to pass upon questions of jurisdiction and questions of law, *e. g.*, to determine whether there was any competent evidence before that tribunal which would support its decision or whether such decision was made in disregard of the uncontroverted evidence. *Fainardi* v. *Dunn*, 46 R. I. 344. The court will not pass upon the weight of the evidence. *Bishop* v. *Superior Court, supra.* 11 C. J. 204.

We have examined the transcript of the testimony and find that it contains competent testimony sufficient to support the order and decree of the court.

As it appears by the record that the Superior Court had jurisdiction of the motion and as its decree was based upon competent testimony, the petition for the writ of certiorari must be and is denied and dismissed.

No appearance for petitioner.

*Walling & Walling*, for respondent.