## JAMES W. JENNINGS *vs.* ELSIE W. JENNINGS.
### APRIL 9, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a petition by a husband for a writ of certiorari seeking to have this court review and quash an order, entered by the superior court on motion of the wife as petitioner in a divorce proceeding pending in that court, granting her an allowance for her support *pendente lite,* to be paid by him. We did not order the writ to issue but the instant hearing was in pursuance of our citation that he show cause why the writ should issue.

In the sworn petition it is alleged among other things that at the hearing in the superior court on the above motion it appeared from the testimony of the instant

respondent, hereinafter referred to as the wife, that shortly before such hearing she received the sum of $3,250 in satisfaction of a certain claim against an estate; that she possessed securities of the then value of approximately $13,000; and that she owned and lived in a house containing several apartments from which she derived a substantial rental. The petitioner herein, called the husband, also alleged in substance in his petition as grounds for the issuance of the writ that in entering the order in question the superior court acted in excess of its jurisdiction, abused its discretion, and was arbitrary and oppressive in its decision.

It appears that the wife's motion before the superior court was in the usual form and asked for an allowance for her support *pendente lite* and for counsel and witness fees. However, at the hearing in that court only the request for an allowance for her support was pressed. The matter of counsel and witness fees was expressly withdrawn and they were not ordered. Further, the husband does not contend that he is not financially able to pay his wife the weekly amount ordered by the court as such allowance. The principal point urged by him in support of the present petition is that the superior court acted in excess of its jurisdiction in entering the order in question. Since that contention raises chiefly a question of law it will not be necessary at this time to refer in detail to the facts of the case.

It is not disputed that proceedings in divorce are statutory in nature. This court has held that an order for alimony, meaning allowances for support *pendente lite,* is included within the provisions of what is now general laws 1938, chapter 416, §14. *Grattage* v. *Superior Court,* 42 R. I. 546. The court in that and other cited cases reached such conclusion by adopting the uniform and broad construction of that section which the bench and bar had placed thereon in practice for a considerable number of years, rather than a strict and literal construction of the exact language appearing in such section. In accord-

ance with the above holding the husband does not question the fact that the superior court had jurisdiction under §14 in a *proper* case to enter an order granting an allowance for support *pendente lite*. However, he does maintain that in the present circumstances the superior court acted in excess of its jurisdiction in entering such an order since it appeared in evidence that his wife had a substantial amount of property of her own, as is set out in the petition now before us.

The material part of §14 reads as follows: "The said court * * * may in its discretion make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition for divorce or separate maintenance, in case she has no property of her own available for such purpose, as it may think reasonable and proper * * *."

The husband urges that the words "in case she has no property of her own available for such purpose" in the above section should be construed as applying to the making of an order for support *pendente lite* for his wife. We are unable to agree with that contention. In our judgment the "purpose" therein mentioned refers to the making of an order in favor of the wife "for the purpose of enabling her to prosecute or defend against any such petition for divorce or separate maintenance." In other words, the existence in the wife of available property sets up a condition ordinarily preventing the granting of her motion for attorney's and witnesses' fees and such other expenses as may directly bear upon her ability to prosecute or defend against proceedings of the nature described. However, it does not necessarily prevent the granting of a motion for an allowance for her *support pendente lite*, which rests upon a fundamentally different basis.

Cases from other jurisdicitions are not controllng in determining the issue before us, because in *Grattage* v. *Superior Court, supra,* we have a case in which the peti-

tioner questioned the validity of an order in divorce proceedings making, among other things, an allowance *pendente lite* for the support of his wife. In that connection the court at page 551 of its opinion stated that in the divorce proceeding "the respondent was ordered to fulfill an obligation imposed upon him by law, namely, to provide for the support of his wife." It therefore appears that the court was not necessarily depending entirely on the above-mentioned statute for its authority to order, pending the hearing, an allowance for support of the wife which was the husband's legal obligation apart from such statute.

Nor is the instant case governed by *Sanford* v. *Sanford,* 2 R. I. 64, cited to us by the husband. It appears that the pertinent statute respecting allowances was not similar to the one now in force; that the court in denying petitioner's motion treated it as one asking for an allowance to defray her expenses in carrying on her suit; and that the court's reference to the wife's dower interest was clearly dicta. In our opinion the husband in the instant case has not established, merely by showing that his wife had a substantial amount of property of her own, that in the circumstances the superior court acted in excess of its jurisdiction as a matter of law when it made the order of which he complains.

Generally an order for support *pendente lite* rests in the sound discretion of the court and will be determined according to the circumstances of each particular case. If the wife has income of her own that circumstance is a factor which the court ought to consider in deciding the amount, if any, which should be allowed her. However, the mere fact that the wife has property in her own right will not in itself prevent the entry of an order allowing her support *pendente lite,* and it is not necessary that she impair the capital of her own separate estate before asking for allowance for temporary support from her husband. 17 Am. Jur., Divorce and Separation, §§539, 545, pp. 435, 439.

In the instant case the wife explained how she spent the greater part of the money she had received from her claim against the estate hereinbefore mentioned. She testified regarding the taxes on her house, the cost of furnishing heat and other conveniences to her tenants, and the fact that some apartments had been vacant for a considerable time. There was also evidence that the husband had for a number of years, while the parties voluntarily had been living apart, paid her a weekly allowance which was the same amount allowed herein by the superior court. The wife testified that she needed this sum for her maintenance *pendente lite*. In view of the circumstances thus appearing in her evidence we cannot say that the superior court in making its decision on the motion in question abused its discretion or acted in an arbitrary manner. On the whole record we are of the opinion that the petitioner has failed to show cause why the writ of certiorari should issue.

The petition is denied and dismissed.

*Harlow & Boudreau,* for petitioner.

*John G. Murphy, James J. Corrigan,* for respondent.