288 A 2d 263.

RUTH WATTMAN *vs.* EDWIN Z. WATTMAN.

MARCH 7, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. In this petition for certiorari the husband-respondent in the pending divorce action between the parties asks us to review a June 23, 1971 decree of the Family Court which directed him to pay a temporary weekly allowance of $65 for the support of his wife and the two minor children of the parties. In addition it orders the husband to pay the mortgage installments and the real estate taxes as well as the electricity, heating, water, telephone, and insurance bills attributable to the jointly owned marital domicile located in Providence. In the aggregate, and averaged over an extended period, those additional expenses amount to $66.15 a week. Although we are ordinarily reluctant to grant certiorari to review a temporary support order, we were persuaded to do otherwise here because the husband represented that the weekly obligation of $131.15 imposed by the June 23rd decree exceeded his average weekly earnings of $122. Accordingly, we directed the writ to issue. 108 R. I. 942, 278 A.2d 872 (1971).

We note at the outset that the June 23rd decree specifically provides that "[t]he matter * * * is continued for further hearing to the first motion day in September." Then, had not these proceedings intervened, presumably the question of the amount of the temporary allowance would have been open for review. That being so, our concern is not with a support order of indefinite duration, but with one

whose life, if it had not been interrupted, would have been of relatively short duration.

Moreover, the record also shows that in addition to his average weekly take-home earnings of $122 as a dentist, the husband has $900 in cash, and that a summer residence on Cape Cod owned by the parties would become vacant commencing August 1. The husband testified that he anticipated no difficulty in renting the residence for that month for $1,200 and thereafter for $90 a month. Of further significance was the husband's testimony that his income earned as a practicing dentist had steadily increased since the opening of his office in 1965.

The foregoing are the principal facts and circumstances of this case. In determining the proper amount of support to award out of the husband's estate the trial justice was required in the exercise of a sound judicial discretion to measure the wife's needs and circumstances against the husband's ability to comply with whatever order he might make. That ability, however, did not rest solely upon the husband's existing earning capacity, but included other available means of compliance as well as his capacity to acquire those means by the exercise of reasonable efforts. *Compare Jennings* v. *Jennings*, 78 R. I. 139, 143, 79 A.2d 920, 922 (1951) *with Boyden* v. *Boyden*, 50 R. I. 326, 329, 147 A. 621, 622 (1929).

In deciding whether the trial justice abused his discretion in this case, we have examined the evidence, not to weigh it or to pass upon the credibility of the witnesses, but solely to determine whether there is any competent evidence in the record which supports the decision or whether that decision was made in disregard of the uncontroverted evidence. *Parenti* v. *Parenti*, 71 R. I. 18, 20, 41 A.2d 313, 314 (1945); *Browning* v. *Browning*, 53 R. I. 112, 114, 164 A. 508 (1933). Our examination of the record in this case

satisfies us that the decree appealed from meets the tests and is within permissible limits.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed and the decree of the Family Court is affirmed.

*Hinckley, Allen, Salisbury & Parsons, William R. Powers, III, James K. Irvin,* for petitioner.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for respondent.