Barbara McHENRY

v.

Matthew J. McHENRY.

No. 78–427–Appeal.

Supreme Court of Rhode Island.

Jan. 22, 1981.

James M. Sloan III, Providence, for appellee.

Robinson & Mascia, Shayle Robinson, Providence, for appellant.

OPINION

WEISBERGER, Justice.

This case comes before us on the former husband's (husband) appeal from an order of the Family Court denying his motion to modify the amended final decree of divorce in respect to payments of alimony and granting the former wife's (wife) motion to adjudge the husband in contempt for having failed to pay alimony and counsel fees as required by the amended final decree. We affirm.

A final decree of divorce was entered in respect to these parties on March 15, 1977. The decree required payment by the husband of the sum of $5,200 for child support annually, $15,000 annual payment to the wife as alimony, and certain counsel fees. In April 1977 the wife filed two motions to adjudge the husband in contempt for non-payment of counsel fees and for various alleged violations of other terms of the final decree. After a hearing by the same trial justice who had entered the final decree, certain amendments were entered by

consent of the parties which specified dates of payment for alimony and support and dates of payment for the balance due under the decree for counsel fees. At the time of entry of the final decree, the court specifically found that the husband derived an income from dividends in the approximate annual amount of $90,000 and that this amount was diminished by interest charges for loans from various banks in the approximate annual amount of $40,000, upon a total indebtedness of $416,000. The wife was awarded use of the marital domicile and household furnishings.

On December 15, 1977, the husband filed a petition to modify the amended final decree with respect to alimony. He presented certain selective evidence concerning his financial condition. The ultimate effect of this evidence tended to show that the husband's living expenses were somewhat in excess of $30,000; that he owned stock in Fidelcor, Inc., which had an approximate value of $892,000 and stock in Standard Oil of California, which had a value of approximately $20,000; that he owned one-third of the stock in Segar Associates, a corporation that owned property consisting of three summer residences and additional land located in Matunuck, Rhode Island. No evidence was introduced concerning the value of this corporate interest. The husband also testified that he is currently operating a business enterprise for which he receives no salary, but he suggested that he could expect to receive a salary from this source within a couple of months. The sum and substance of his testimony was that his indebtedness had increased since the entry of the final decree and his dividend income had diminished. He had borrowed the sum of $25,000 from Segar Associates, increased his obligation to the Industrial National Bank, sold certain stock for the payment of obligations under the final decree, and had conveyed his half interest in the marital domicile to his wife in consideration of her assigning to him 1,010 shares of Fidelcor stock. As a part of this transaction the wife assumed the mortgage and obligation to pay all expenses relating to the former marital real estate. Although the hus-

band's testimony and evidence in respect to his assets and liabilities were somewhat sketchy at best, it appears that an amended schedule submitted by him in May 1978 showed a total indebtedness of $697,000 as opposed to indebtedness at the time of the final decree in the amount of $416,000. His annual dividends had decreased and his annual interest payments had increased to the point where his quarterly net income showed a minus figure.

In any event, the standard of living of the husband had not decreased. He had vacationed in Bermuda, maintained two residences, acquired a new automobile for himself, maintained an automobile for his adult son, and reduced certain of his debts between the filing of his initial exhibit in March of 1978 and a revised exhibit which was introduced at a subsequent hearing in May of 1978. Testimony in the case indicates that the husband may have had other stock and assets that were not specifically valued or set forth in evidence.

During the course of the hearings the husband attempted to examine his wife concerning her expenses and the value of the house that had been transferred to her. The trial justice refused to allow such examination on the ground that the husband's motion to modify was based solely upon his change of circumstances, not the wife's. An examination of the petition to modify the final decree and amendments thereto as filed shows this ruling by the trial justice to be clearly correct.

■ The essence of the husband's argument on appeal is that the trial justice was clearly wrong in rejecting evidence of change of circumstances on his part since the time of entry of the last decree. In making this argument, the husband ignores the incomplete nature of his financial presentation. In this state as in other jurisdictions, a party seeking to modify the terms of an existing decree has the burden of proving the basis of need for modification by a fair preponderance of the evidence. *Heatherton v. Heatherton*, 110 R.I. 144, 290 A.2d 912 (1972); *Rock v. Rock*, 107 R.I. 172,

265 A.2d 640 (1970); *Ferrazza v. Ferrazza,* 102 R.I. 265, 229 A.2d 773 (1967). *Also see* 2A Nelson, *Divorce and Annulment* § 17.08 at 53 (2d ed. rev. 1961). In considering whether this burden has been sustained, the court may take into account capital assets owned by the moving party as well as other sources of income. *See Bellows v. Bellows,* R.I., 382 A.2d 816, 819 (1978). The trial justice might also take into account, as he did, the fact that the husband had voluntarily chosen to be employed without salary in a company controlled by him, the assets and potential of which were undisclosed. *See Wattman v. Wattman,* 109 R.I. 538, 288 A.2d 263 (1972).

In essence the trial justice, unpersuaded by the evidentiary showing of the husband that he was unable to meet the requirements imposed upon him by the final decree, found that the husband had not sustained the burden of showing that he did not have funds available to him "to satisfy his obligation to pay." A review of the record in this case amply demonstrates that the trial justice was not clearly wrong in this factual finding.

The husband also complains that the findings of the court in regard to his arrearage should have been limited to the arrearages set forth in the pleadings. In fact, at the conclusion of the hearing, counsel for the wife asked the court to update the arrearages to include those which had accrued during the course of the hearings. On the basis of this request, the court found the husband in arrears in the amount of $6,250 in his alimony payments as well as the balance of a counsel fee previously ordered in the amount of $4,000 plus accrued interest. The record indicates that no objection was raised by the husband when this finding was made. We see no reason to depart from our general rule that a party who fails to raise an issue in the trial court is precluded from asserting error on appeal. *Black v. Black,* R.I., 377 A.2d 1308 (1977); *Tente v. Tente,* 112 R.I. 636, 314 A.2d 149 (1974).

Other issues raised by the husband on this appeal are without merit and need not be specifically discussed in this opinion.

For the reasons stated, the appeal of the husband is denied and dismissed, the orders appealed from are affirmed, and the papers in the case may be remanded to the Family Court.