Antone SANTOS

v.

Jo Ann SANTOS.

No: 88–260–M.P.

Supreme Court of Rhode Island.

Jan. 19, 1990.

---

Shayle Robinson, Cranston, for plaintiff.

Nicholas L. Colangelo, Shapira, Colangelo & Calise, Providence, for defendant.

## OPINION

**WEISBERGER, Justice.**

This case is before us on a petition for certiorari brought by the petitioner (husband) seeking review of an order from the Family Court that increased the amount of support he is required to pay to the respondent (wife) from whom he is now separated. The facts of the case that are relevant to this appeal are as follows.

The parties were married in October 1964, and this marriage produced five children over the following twenty years. On January 20, 1985, the parties separated and the husband vacated the marital domicile. Subsequently, the husband filed a complaint for divorce in the Family Court for Providence County, citing irreconcilable differences as grounds. The wife counterclaimed on the same grounds and in addition filed a motion for temporary allowances, seeking support for herself and for the four minor children. At this time the husband's only source of income was his workers' compensation allowance, and the wife was receiving public assistance from the state. The matter was brought before a justice of the Family Court, and an order was entered that required the husband to pay to the wife support in the amount of $80 per week. The wife filed a motion to modify this order, and the matter was referred to a master of the Family Court. In addition the Bureau of Family Support filed a motion seeking from the husband reimbursement of the public assistance that had been provided to the wife. On June 12, 1987, the master heard both of these matters. He ordered the husband to reimburse to the state the funds that had been provided to the wife in assistance and increased the weekly support payment to the sum of $170 per week.[1]

On February 12, 1988, the husband filed a motion to modify this order, claiming that there had been a significant change in circumstances since the master's order was issued. Specifically the husband pointed to the fact that the wife had become gainfully employed, and in light of the recently adopted child-support guidelines, the amount that he was currently paying in support was excessive.

The facts revealed that the husband was receiving workers' compensation in the amount of $343 per week, and he reported expenses in an amount in excess of $400 per week. The wife was employed and had net earnings in the amount of $222 biweekly. She reported expenses in the amount of $242 per month.

---

1. The master based his determination of the amount of support on the flat-grant system then in effect in Rhode Island. The Family Court child-support guidelines went into effect October 1, 1987. These guidelines are used to determine support based on gross income and number of dependent children.

On March 25, 1988, the husband's motion to reduce was heard before a justice of the Family Court. The justice found that the wife's estimation of her monthly expenses was a "bare-minimum" figure and disregarded it entirely. The trial justice went on to conclude that the support order issued by the master was "totally inequitable" and issued an order increasing the support to the sum of $200 per week.

## I

### THE TRIAL JUSTICE ERRED IN GRANTING RELIEF THAT WAS NOT DEMANDED

We recognize that modification of support orders is a matter entirely within the sound discretion of the trial justice based on the facts and circumstances before him in a given case. *See Pansey v. Pansey,* 115 R.I. 97, 100, 340 A.2d 120, 123 (1975); *Wattman v. Wattman,* 109 R.I. 538, 540, 288 A.2d 263, 264 (1972). Additionally, such modifications will only be disturbed by this court upon review if it can be demonstrated that the trial justice was "clearly wrong and that his decision fails to do justice between the parties." *Castelli v. Castelli,* 82 R.I. 232, 235, 107 A.2d 284, 286 (1954).

We are not confronted here, however, with the task of reviewing the discretion exercised by the trial justice in determining the amount or the appropriateness of support. Rather we are faced with a situation wherein the trial justice, with only a motion to reduce before him, *sua sponte* ordered an *increase* to an existing support order.

In *Harrigan v. Mason & Winograd, Inc.,* 121 R.I. 209, 213, 397 A.2d 514, 516 (1979), we held that "a court is presumed not to intend to grant relief which was not demanded." In the instant case there is absolutely no indication in the record that the wife was in any way aggrieved by the support order made by the master. Additionally it must be recognized that both parties appeared before the trial justice that day with the expectation of arguing the merits of a motion to decrease. Rather, the husband found himself in the precarious situation of defending against what amounted to an entirely unexpected determination on the part of the trial justice to increase the support paid by the husband. We find this to be substantially unfair to the husband. Such a determination without notice and an opportunity for a meaningful hearing cannot be allowed to stand.

## II

### OTHER ISSUES

The husband raises other issues, notably the fact that there was no evidence on the record upon which an increase in the existing support order could be based. This is not surprising in light of the fact that the wife had not requested such an increase and, therefore, did not attempt to show, as would be required, that a change in circumstances had occurred since the entry of the support ordered by the master. *See Davey v. Davey,* 436 A.2d 1083 (R.I.1981). It is obvious from the record in this case that the trial justice's determination was based not upon evidence of change of circumstances but upon annoyance at the temerity of the husband in seeking a reduction of the support order. Such annoyance may not serve as the basis of a modification of an order in the absence of evidence to support it.

In light of our determination of the first issue, it will not be necessary for us to consider all other issues raised in support of the appeal of the husband, save to require that, upon remand, a justice of the Family Court consider the husband's motion to modify relying upon standards that were in existence at the time of the initial hearing.

For the reasons stated, the husband's petition for certiorari is hereby granted, the order of the Family Court increasing the amount of support the husband is obliged to pay the wife is quashed, and the papers may be remanded to the Family Court with our decision endorsed thereon.