**Supreme Court**

No. 2013-53-Appeal.
(WC 10-291)

Bruce Brayman Builders, Inc.        :

v.        :

James M. Lamphere, in his capacity as        :
Town Planner for the Town of Hopkinton.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Bruce Brayman Builders, Inc.      :

v.      :

James M. Lamphere, in his capacity as      :
Town Planner for the Town of Hopkinton.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.** The plaintiff, Bruce Brayman Builders, Inc. (Brayman), appeals from a Superior Court judgment in favor of the defendant, James M. Lamphere, the Town Planner for the Town of Hopkinton, denying Brayman's declaratory judgment action on the basis of Brayman's purported failure to exhaust its administrative remedies. On appeal, Brayman argues, <u>inter</u> <u>alia</u>, that the trial justice[1] erred in denying it declaratory relief because the parties did not have a meaningful opportunity to brief and/or argue whether the administrative exhaustion doctrine should apply to the present case. For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

## I

## Facts and Travel

In 2009, Brayman applied to the Town Planning Board for a preliminary plan approval of a minor subdivision. Pursuant to the Town of Hopkinton's Land Development & Subdivision

---

[1] More than one Superior Court justice has presided over this matter in the course of the litigation; but, for the sake of clarity, we shall simply use the term "the trial justice" without further specification.

Regulations, such an applicant is required to "submit to the Administrative Officer all plans and supporting materials as required by the Preliminary Plat Checklist for Minor Subdivisions" (the Checklist).[2] Town of Hopkinton's Land Development & Subdivision Regulations, Article IV, Section C.1 (1995, as amended August 16, 2000). The just-referenced Checklist requires submission of, inter alia, "[p]roof of paid up-to-date property taxes." In seeking to comply with that requirement, Brayman provided a "Municipal Lien Certificate," which indicated that, while all of the company's real property taxes were current, it nevertheless owed $45,162.97 in personal property taxes as of that time. In a letter dated July 14, 2009, the Town Planner stated that he would certify the subdivision application as complete once Brayman submitted proof of payment of all taxes due—including personal property taxes as well as real property taxes.

Instead of paying the outstanding personal property taxes, on May 3, 2010, Brayman filed a complaint in the Superior Court for Washington County, seeking a writ of mandamus to compel the Town Planner to certify Brayman's subdivision application as complete (Count One). Thereafter, on July 14, 2010, the Town Planner moved to dismiss Count One, alleging that, inter alia, Brayman had failed to exhaust its administrative remedies in view of the fact that it had not appealed the Town Planner's decision to the Platting Board of Review.[3] In further support of his motion to dismiss, the Town Planner also argued that his refusal to certify Brayman's subdivision application as complete did not involve a ministerial act such as might be amenable to a writ of mandamus. In due course, Brayman objected to the Town Planner's motion to

---

[2] Article XI, Section A.1 of the Town of Hopkinton's Land Development & Subdivision Regulations states: "The Town Planner of the Town of Hopkinton is hereby designated as the Administrative Officer * * * ."

[3] Article XII, Section A.1 of the Town of Hopkinton's Land Development & Subdivision Regulations reads in pertinent part as follows: "Any party aggrieved by a decision of * * * the Administrative Officer shall have the right to appeal that decision to the Platting Board of Review * * * ."

dismiss and also moved to amend its complaint in order to add a count seeking declaratory judgment; it sought a declaration to the effect that the term "property taxes" in the Checklist refers only to real property taxes. On October 18, 2010, the Town Planner filed an objection to Brayman's motion to amend.

On March 21, 2011, the trial justice heard arguments relative to the above-referenced motions. The trial justice first granted Brayman's motion to amend its complaint to add a count seeking declaratory relief (Count Two). The Town Planner then argued that both counts should be dismissed because Brayman had not appealed the Town Planner's decision to the Platting Board of Review and, therefore, had failed to exhaust its administrative remedies. At the conclusion of the hearing, the trial justice, finding that the Town Planner's decision was "not ministerial but * * * within the sound exercise of his discretion," granted the Town Planner's motion to dismiss Count One (the mandamus count). With respect to Count Two, however, he summarily ruled that "[t]he declaratory judgment action survives * * *."

Thereafter, in April and May of 2012, the declaratory judgment action still being viable, the parties filed cross-motions for summary judgment seeking a ruling as to the meaning of "property taxes" in the Checklist. Brayman's sole argument was that the term "property taxes" refers only to real property taxes, whereas the Town Planner's sole argument was that the term "property taxes" includes both real and personal property taxes. Neither party made reference to the administrative exhaustion doctrine in their respective memoranda of law or at the hearing on the cross-motions, which was held on May 21, 2012. In a written decision dated June 19, 2012, the trial justice denied both motions.[4] In that same written decision, the trial justice also <u>sua</u>

---

[4]    In addition to challenging on appeal the trial justice's <u>sua</u> <u>sponte</u> reliance on the doctrine of administrative exhaustion, Brayman has also appealed from the trial justice's denial of the cross-motions for summary judgment. In view of the fact that final judgment was entered in this

sponte expressly denied Brayman's request for declaratory relief in view of his conclusion that Brayman had failed to exhaust its administrative remedies. Thereafter, Brayman filed a timely notice of appeal.

## II

## Standard of Review

It is well settled that, "with respect to the ultimate decision by a trial justice to grant or deny declaratory relief, our standard of review is deferential." Grady v. Narragansett Electric Co., 962 A.2d 34, 41 (R.I. 2009); see also Hagenberg v. Avedisian, 879 A.2d 436, 441 (R.I. 2005). However, a trial justice's discretion to grant or deny declaratory relief "is not absolute and is subject to appropriate appellate review." Sullivan v. Chafee, 703 A.2d 748, 751 (R.I. 1997); see also Rhode Island Republican Party v. Daluz, 961 A.2d 287, 293 (R.I. 2008). Accordingly, we review a trial justice's ruling in the declaratory judgment context "with an eye to whether the court abused its discretion, misinterpreted the applicable law, overlooked material facts, or otherwise exceeded its authority." Sullivan, 703 A.2d at 751.

## III

## Analysis

Although we are mindful of the deference due to a trial justice's decision to grant or deny declaratory relief, we have no choice at this point in time but to agree with Brayman's contention that the trial justice erred in deciding sua sponte to apply the administrative exhaustion doctrine. This is so because we adhere to the principle that, "when a trial justice considers and rules on an

___

case (albeit on a ground unrelated to what was argued in the motions for summary judgment), the appeal from the denial of the summary judgment motions is procedurally appropriate. See Greensleeves, Inc. v. Smiley, 942 A.2d 284, 290 (R.I. 2007). However, in view of our ultimate resolution of this appeal (see infra), we need not address that aspect of Brayman's appeal.

issue <u>sua</u> <u>sponte</u>, the parties must be afforded notice of the issue and allowed an opportunity to present evidence and argue against it." <u>Catucci v. Pacheco</u>, 866 A.2d 509, 515 (R.I. 2005) (holding that a trial justice erred in adding new party defendants <u>sua</u> <u>sponte</u> at the close of the plaintiff's case); <u>see</u> <u>also</u> <u>D'Alessio v. State</u>, 101 A.3d 1270, 1278 (R.I. 2014) (stating that the "hearing justice incorrectly, and <u>sua</u> <u>sponte</u>, passed on the issue of ineffective assistance of [the] applicant's trial counsel," where neither party had raised that issue); <u>Lomastro v. Iacovelli</u>, 56 A.3d 92, 96 (R.I. 2012) (discerning an abuse of discretion in the trial justice's failure to give the parties an opportunity to address the issue of whether or not a motion to amend should be granted); <u>Providence Journal Co. v. Convention Center Authority</u>, 824 A.2d 1246, 1248 (R.I. 2003) (stating that the trial justice erred in <u>sua</u> <u>sponte</u> ordering additional redactions that the defendant had never requested); <u>Vargas Manufacturing Co. v. Friedman</u>, 661 A.2d 48, 55 (R.I. 1995); <u>Santos v. Santos</u>, 568 A.2d 1010, 1011 (R.I. 1990).

In view of the fact that the trial justice's <u>sua</u> <u>sponte</u> invocation of the administrative exhaustion doctrine deprived Brayman of the opportunity to present argument concerning that issue at the summary judgment stage, it is our view that the case at bar is analogous to what was at issue in the above-cited <u>Vargas Manufacturing Co.</u> and <u>Santos</u> cases. In <u>Vargas Manufacturing Co.</u>, 661 A.2d at 55, this Court reversed a trial justice's award of punitive damages where "the trial justice, presented with a counterclaim seeking punitive damages based solely on misrepresentation, sua sponte awarded punitive damages based upon threats made by [the plaintiff's] agent that the trial justice found amounted to the crime of extortion." Somewhat similarly, in <u>Santos</u>, 568 A.2d at 1011, a husband filed a motion to reduce the support order which had entered at the time of the parties' divorce, but the trial justice decided <u>sua</u> <u>sponte</u> to

order an increase in support. Thereafter, this Court granted the husband's petition for certiorari and quashed the trial justice's order increasing the amount of support, stating:

> "[I]t must be recognized that both parties appeared before the trial justice that day with the expectation of arguing the merits of a motion to decrease. Rather, the husband found himself in the precarious situation of defending against what amounted to an entirely unexpected determination on the part of the trial justice to increase the support paid by the husband. We find this to be substantially unfair to the husband. <u>Such a determination without notice and an opportunity for a meaningful hearing cannot be allowed to stand</u>." <u>Id.</u> (emphasis added).

The Town Planner, citing <u>Johnston Ambulatory Surgical Associates, Ltd. v. Nolan</u>, 755 A.2d 799 (R.I. 2000), contends that the trial justice's dismissal of Count Two (the declaratory judgment count) on the basis of the administrative exhaustion doctrine should nevertheless be upheld. We do not deem it necessary to recount here the fairly complex factual and procedural context of the <u>Nolan</u> decision. Suffice it to say that, in the end, this Court concluded that the applicant for the certificate of need that was at issue in that case had sufficiently alluded to the principle of administrative finality in the Superior Court—albeit not in those precise words. <u>Id.</u> at 813. For that reason, we ruled that "the substance of the argument relied upon by the trial justice was raised before him and could be considered by this Court." <u>Id.</u>; cf. <u>King v. Huntress, Inc.</u>, 94 A.3d 467, 484 (R.I. 2014) (holding that, while an objection to a particular jury instruction "was not a model of proper syntax," there was nonetheless "enough meat on the bone to have put the trial justice on notice as to what [the] defendant contended was the nature of [the trial justice's] alleged error") (internal quotation marks omitted). In the case at bar, in stark contrast to what transpired in <u>Nolan</u>, the administrative exhaustion doctrine (a close cousin to the administrative finality principle that was at issue in <u>Nolan</u>) was not raised by the Town Planner at the summary judgment stage in 2012 so as to allow Brayman an opportunity to object to its

applicability.   See Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996) (vacating the sua sponte grant of summary judgment against the plaintiff, who, as "the targeted party," had not had "an adequate opportunity to dodge the bullet").

In our judgment, the trial justice abused his discretion when he sua sponte invoked the administrative exhaustion doctrine in the course of denying Brayman declaratory relief where neither party had briefed and/or argued that doctrine.[5]   See, e.g., Lomastro, 56 A.3d at 96; Catucci, 866 A.2d at 515; Vargas, 661 A.2d at 55; Santos, 568 A.2d at 1011.[6]

## IV

### Conclusion

For the reasons set forth in this opinion, we vacate the judgment in this case and remand the record to the Superior Court.

---

[5]   In his brief, the Town Planner also makes a cursory argument that the trial justice rested his decision to deny Brayman declaratory relief on separate grounds in addition to the administrative exhaustion doctrine—viz., that the Town Planner's interpretation of the Checklist was entitled to deference and could only be rejected by the Superior Court if it was found to have been clearly erroneous.  However, that issue was neither briefed nor argued at the summary judgment stage.  Accordingly, we need not address that argument in this opinion.  See, e.g., Ryan v. Roman Catholic Bishop of Providence, 941 A.2d 174, 184-85 (R.I. 2008).

[6]   Brayman also suggests that the rule of "the law of the case" should bar further consideration by the trial court of the administrative exhaustion doctrine.  In our view, however, this is an instance where that rule may and should be "waived by reason of the importance of the issue involved to the ultimate disposition of the case."  Payne v. Superior Court for Providence County, 78 R.I. 177, 185, 80 A.2d 159, 163, reh. denied, 78 R.I. 188, 82 A.2d 167 (1951); see also Taveira v. Solomon, 528 A.2d 1105, 1107-08 (R.I. 1987).



**TITLE OF CASE:**     Bruce Brayman Builders, Inc. v. James M. Lamphere, in his capacity as Town Planner for the Town of Hopkinton.

**CASE NO:**     No. 2013-53-Appeal.
(WC 10-291)

**COURT:**     Supreme Court

**DATE OPINION FILED:**     February 13, 2015

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**     Washington County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Brian P. Stern

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Kelly M. Fracassa, Esq.

For Defendant:  Scott D. Levesque, Esq.