December 13, 2024

**Supreme Court**

No. 2023-186-Appeal.
(PC 22-4591)

Mill Road Realty Associates, LLC, et al. :

v. :

Town of Foster et al. :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Mill Road Realty Associates, LLC, et al. :

v.                              :

Town of Foster et al.           :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.** The plaintiffs, Mill Road Realty Associates, LLC (Mill Road), Morris Maglioli and William L. Ricci, Jr., d/b/a Wright's Auto Parts (collectively, plaintiffs) appeal from a Superior Court order and judgment dismissing the plaintiffs' action pursuant to Rule 12(b)(1) of the Superior Court Rules of Civil Procedure. The plaintiffs had sought declaratory and other relief concerning various actions taken by the defendants, the Town of Foster (Town), the Department of Business Regulation (DBR), and named Town of Foster zoning board members (board member-defendants) (collectively, defendants).

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be

- 1 -

summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this case without further briefing or argument. For the reasons set forth herein, we vacate the order and judgment of the Superior Court and remand the case for proceedings consistent with this opinion.

**Facts and Procedural History**

We draw the following facts from plaintiffs' verified amended complaint. *E.g.*, *Warfel v. Town of New Shoreham*, 178 A.3d 988, 991 (R.I. 2018). William L. Ricci, Jr. is the sole member and manager of Mill Road. Mr. Ricci and Morris Maglioli own and operate Wright's Auto Parts, a junkyard located at 37 Mill Road in Foster, Rhode Island. From 2017 until 2018, plaintiffs operated their junkyard in violation of the conditions of their municipal license and in contravention of a cease-and-desist letter sent by the Town's zoning officer. Their municipal license expired as a result of plaintiffs' noncompliance with the license conditions, thereby triggering the nonrenewal of their state license. Nevertheless, plaintiffs continued to operate their business without either license from 2018 to 2021, and in September 2021 the Town issued another cease-and-desist letter and levied a $100-per-day fine to begin in October. The plaintiffs unsuccessfully appealed to the zoning board of review and thereafter sought judicial review of the zoning board's decision pursuant to G.L. 1956 § 45-24-69. The complaint filed in Superior Court contained

- 2 -

allegations of arbitrary, capricious, and tortious conduct by all defendants, and requested declaratory, injunctive, and monetary relief. The claims relevant to this appeal are declaratory judgment counts alleging the unconstitutionality of (1) the Town's junkyard licensing scheme; (2) the Town's requirement that a junkyard possess a local license to operate; and (3) DBR's requirement that license applicants obtain a local license before obtaining a state-level license.

The Town and DBR filed motions to dismiss, which the court deemed responsive to plaintiffs' later-filed amended complaint. DBR's motion asserted that plaintiffs failed to state a claim and that dismissal was proper under Rule 12(b)(6), and the Town's motion asserted that the court lacked personal jurisdiction over the Town and its zoning board members under Rule 12(b)(2) because plaintiffs had failed to adequately serve process (itself a ground for dismissal under Rule 12(b)(5)); and that plaintiffs failed to state a claim under Rule 12(b)(6).

The matter came before a justice of the Superior Court on March 21, 2023. Notwithstanding the bases of defendants' motions, the trial justice dismissed the case pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. He concluded that the court lacked subject-matter jurisdiction because plaintiffs had failed to notify the attorney general of their constitutional claims pursuant to G.L. 1956 § 9-30-11.[1] The

---

[1] General Laws 1956 § 9-30-11 provides, in relevant part, as follows:

trial justice's *sua sponte* conclusion came at the start of the hearing on defendants' motions to dismiss, without providing them an opportunity to develop evidence or brief the issues he identified. The trial justice acknowledged that neither party had discussed § 9-30-11 or Rule 12(b)(1) in their motions, but nonetheless said that he could not "find any record of the Attorney General having notice * * *. And so, therefore, it's grounds for dismissal for lack of subject matter jurisdiction." The trial justice did not address any of the grounds for dismissal asserted in defendants' motions to dismiss.

An order and judgment subsequently entered in defendants' favor. The plaintiffs timely appealed to this Court seeking reversal of the trial justice's *sua sponte* dismissal.

We consider whether the trial justice erred by not providing plaintiffs an opportunity to present evidence or argument on the issue of compliance with § 9-30-11 before dismissing the amended complaint for lack of subject-matter jurisdiction *sua sponte*.

---

"In any proceeding [where a] * * * statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall * * * be served with a copy of the proceeding and be entitled to be heard."

- 4 -

## *Sua Sponte* 12(b)(1) Dismissal

This Court reviews *de novo* a decision finding a lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). *Long v. Dell, Inc.*, 984 A.2d 1074, 1078 (R.I. 2009).

We have made clear that, when ruling on an issue *sua sponte*, a trial justice must afford the parties notice of the identified issue and allow them to present evidence and argument on that issue. *See Bruce Brayman Builders, Inc. v. Lamphere*, 109 A.3d 395, 398 (R.I. 2015) (finding trial justice abused their discretion in applying administrative exhaustion doctrine *sua sponte* to a plaintiff's claims, denying the parties the opportunity to present argument on the issue); *see Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 29 (1st Cir. 1996) ("Though a district court may enter summary judgment sua sponte * * * the court must ensure that the targeted party has an adequate opportunity to dodge the bullet."); *see also* 16B Am. Jur. 2d *Constitutional Law* § 945 (Oct. 2024 Update) ("[T]he essential elements of procedural due process of law are notice and the opportunity to be heard * * *."). We see no reason to deviate from this requirement in this case.

In *Santos v. Santos*, 568 A.2d 1010 (R.I. 1990), this Court described the bind in which a litigant is placed when, after filing a motion seeking particular relief, a trial justice grants relief not requested in the party's motion: "[B]oth parties appear[] before the trial justice * * * with the expectation of arguing the merits of [their

- 5 -

motions]" but, instead, are placed in the "precarious situation of defending against what amount[s] to an entirely unexpected determination * * *." *Santos*, 568 A.2d at 1011. This Court has declared that practice "to be substantially unfair to the [litigants]" and therefore will not allow a determination "without notice and an opportunity for a meaningful hearing * * * to stand." *Id*.

And yet, the trial justice placed the litigants in this dispute in the "precarious situation" that *Santos* forbids. *Santos*, 568 A.2d at 1011. When presented with motions to dismiss pursuant to Rules 12(b)(2), (5), and (6), he unilaterally converted the hearing to an analysis under Rule 12(b)(1) but did not afford the parties an opportunity to present evidence, briefing, or argument on the alternative grounds for dismissal. Instead, he issued a bench decision on entirely unexpected grounds. *See Santos*, 568 A.2d at 1011.

As in *Santos*, the trial justice's order "cannot be allowed to stand," because it is "substantially unfair to the [litigants]." *Santos*, 568 A.2d at 1011. The trial justice must provide the parties an opportunity to brief and be heard on the issues he has identified. *See Bruce Brayman Builders*, 109 A.3d at 398.

Moreover, although defendants correctly assert that the Superior Court may raise subject-matter jurisdiction at any time, including *sua sponte*, *Cabot v. Cabot*, 444 A.2d 845, 846 (R.I. 1982), our *de novo* review reveals that the trial justice erroneously concluded that noncompliance with § 9-30-11 impacted the court's

subject-matter jurisdiction. Subject-matter jurisdiction is jurisdiction over the "nature of the case and the type of relief sought * * *." *Long*, 984 A.2d at 1079 (quoting Black's Law Dictionary 931 (9th ed. 2009)). In this case, the Superior Court possesses subject-matter jurisdiction because it has power over the injunctive, declaratory, and monetary relief sought by plaintiffs. *See id.*; § 45-24-69(a) (granting Superior Court appellate jurisdiction over decisions of municipal zoning boards of review); G.L. 1956 § 8-2-13 (creating Superior Court's exclusive original jurisdiction over suits in equity); § 8-2-14 (establishing Superior Court's exclusive jurisdiction over actions in which the amount in controversy exceeds $10,000); Super. R. Civ. P. 57 (discussing authority to issue declaratory judgments); Super. R. Civ. P. 65(b) (discussing authority to issue temporary restraining orders).

The proper focus is whether the trial justice possesses the authority to proceed with the case under this Court's precedent delineating a trial court's "authority" to proceed in the first instance. *See Begg v. Alexander-Scott*, 242 A.3d 23, 28-30 (R.I. 2020) (recognizing "a distinction between subject-matter jurisdiction and the authority of the court * * * to proceed" but finding that state medical board had subject-matter jurisdiction and authority to adjudicate dispute given compliance with procedural notice requirements) (quoting *Gallop v. Adult Correctional Institutions*, 182 A.3d 1137, 1142 (R.I. 2018)); *Marshall v. City of Providence*, 633 A.2d 1360, 1361 (R.I. 1993) (mem.) (determining that compliance with a municipal notice

- 7 -

requirement prior to initiating a personal injury suit was a condition precedent to filing of civil action).

Under this analysis, compliance with § 9-30-11 becomes a threshold question regarding a plaintiff's ability to bring suit and the court's ability to hear that suit, rather than a question about the court's subject-matter jurisdiction over the case. This was the central, and as-yet-undecided, question before the trial justice who, on remand, must evaluate whether plaintiffs' compliance with § 9-30-11 was sufficient to confer authority over the case to the court. *See Owner-Operators Independent Drivers Association of America v. State*, 541 A.2d 69, 71 (R.I. 1988) (finding that where plaintiffs produced documentation of certificate of service and evidence of attorney general appearance, then the objectives of § 9-30-11 were satisfied).[2]

Accordingly, we vacate the order and judgment and remand the case to the Superior Court with instruction to permit the parties to present evidence on the issue of compliance with § 9-30-11, along with the grounds for their initial motions.

---

[2] As discussed at oral argument, § 9-30-11 may implicate Rule 24(d) of the Superior Court Rules of Civil Procedure, which states that "[w]hen the constitutionality of an act of the legislature is drawn in question in any action to which the state or an officer, agency, or employee thereof is not a party, the party asserting the unconstitutionality of the act shall serve the attorney general with a copy of the proceeding within such time to afford the attorney general an opportunity to intervene." However, Rule 24(d) is not implicated by this case because here the state *is* a party, through DBR. We therefore reserve for another day any discussion on the overlap between Rule 24(d) and § 9-30-11.

**Defendants' Additional Arguments**

The defendants raise numerous additional arguments which they contend, under our *de novo* standard of review, allow us to affirm the trial justice on other grounds. However, "[i]n light of our determination of the first issue, it will not be necessary for us to consider all other issues raised in support of the appeal * * *." *Santos*, 568 A.2d at 1011. Indeed, it would be improper for us to do so because, as a general rule, this Court does "not opine on legal issues that have not been explored and analyzed in the first instance by the trial court." *Felkner v. Rhode Island College*, 203 A.3d 433, 460 (R.I. 2019); *State v. Brouillard*, 745 A.2d 759, 766 (R.I. 2000) (deciding that this Court will not review evidence that was not part of the hearing court's record). Therefore, we decline the defendants' invitation to mine the record for alternative grounds to dismiss the case.

**Conclusion**

Based on the foregoing, we vacate the order and judgment of the Superior Court and remand the record in this case for proceedings consistent with this opinion.

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Mill Road Realty Associates, LLC, et al. v. Town of Foster et al. |
| **Case Number** | No. 2023-186-Appeal. (PC 22-4591) |
| **Date Opinion Filed** | December 13, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh |
| **Attorney(s) on Appeal** | For Plaintiffs: Christine D'Orsi Fitta, Esq. |
| | For Defendants: Julia A. Chretien, Esq. Jeff Kidd, Department of Attorney General |