May 13, 2025

**Supreme Court**

No. 2024-128-Appeal.
(PC 22-6796)

Koziol Firearms, Inc.                  :

v.                  :

Kevin Marchand, in his capacity as       :
member of the Zoning Board of
Review of the City of Central Falls,
Rhode Island, et al.

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Koziol Firearms, Inc.                    :

v.                                       :

Kevin Marchand, in his capacity as       :
member of the Zoning Board of
Review of the City of Central Falls,
Rhode Island, et al.


Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  The plaintiff corporation, Koziol Firearms, Inc., appeals from a May 20, 2024 final judgment of the Superior Court entered in favor of the defendants,[1] which dismissed in part without prejudice the plaintiff corporation's request for declaratory relief concerning a zoning ordinance that it claimed had not been validly amended.  On appeal, the plaintiff corporation contends, *inter alia*, that the trial justice overlooked and misconstrued material evidence in that he "erroneously limited his review of the record as to Count II of

---

[1]    The defendants in this case consist of the members of the Zoning Board of Review and the City Council of the City of Central Falls.  In this opinion, they will be collectively referred to as the City or defendants.

- 1 -

[the] Amended Complaint to the 'certified record' of the proceedings and hearing before [the] City of Central Falls Zoning Board of Review."

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the written and oral submissions of the parties and after carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.

For the reasons set forth in this opinion, we vacate in part the final judgment and remand the case to the Superior Court for further proceedings as discussed herein.

# I

## Facts and Travel

In the late 1980s, Ronald Koziol purchased a parcel of real property located at 877 High Street in Central Falls, Rhode Island. At that time, the 877 High Street property was located in an M-2 Heavy Industrial zone; such a zone provides for "areas for heavy industrial uses, especially for those uses that are potentially hazardous, noxious or incompatible with the uses in any other zone." Central Falls Code of Ordinances, Appendix A, Art. I, § 101.3. In 1990, an automotive transmission and repair business was established on the property. According to the City, the zone in which the plaintiff corporation's property was located changed

from an M-2 zone to an R-2 zone in 1992. (An "R-2 two-household district" is "intended for medium density residential areas comprising single dwelling unit and two-dwelling unit detached structures located on lots with a minimum land area of 5,000 sq. ft." Section 101.1.) As a result of this change in zoning classification, the automotive transmission and repair business that is located on the property became a legal nonconforming use.

On May 12, 2022, Ronald Koziol and one Christopher Koziol[2] formed Koziol Firearms, Inc., a firearms manufacturing and sales business. In a letter dated May 23, 2022, the City's "Building/Zoning Official" informed Ronald that the property was located in an R-3 zone.[3] The letter stated that the "request to operate a firearms manufacturing and sales business at this location, is not allowed in accordance with Section 304, Table 1, Sub Section 43-44 of the Central Falls Zoning Ordinance. General Business is not allowed in an R-3 zone without a Use Variance from the Central Falls Zoning Board of Review."

---

[2] Ronald Koziol and Christopher Koziol share the same surname, and we assume that they are related. We will hereinafter refer to them by their first names to avoid confusion. No disrespect is intended.

[3] A review of the record in this case reveals that the letter of May 23, 2022 erroneously identified the property as being located in an R-3 zone. It was later clarified, and it is undisputed, that plaintiff's property is located in an R-2 zone.

On July 28, 2022, Ronald filed an application for a use variance to operate the firearms manufacturing and sales business on the 877 High Street property. A hearing before the Zoning Board of Review took place on September 14, 2022. At the hearing, Ronald and Christopher, both principals of the plaintiff corporation, testified.[4] In the course of his testimony, Christopher explained that the proposed firearms manufacturing and sales business would be a second business at the property. He indicated that the plan was that, when the automotive transmission and repair business would close for the day, the firearms business would be open for "an hour or two a day, five days a week" in a different section of the building on the property. Christopher acknowledged that it was intended that the automotive transmission and repair business would "continue to operate while this [was] ongoing," separate and apart from the firearms business.

Christopher further testified that they could not locate any records as to when the zone was changed, and he further stated that they were "never notified that it was changed." Christopher and Ronald stated that other businesses "on the street" also did not receive notice of the 1992 zoning amendment.

Upon the conclusion of Ronald and Christopher's testimony, the Planning Department's staff report was read into the record; it indicated that Ronald and

---

[4]     Ronald and Christopher were not represented by legal counsel at the hearing before the Zoning Board of Review.

Christopher were seeking to expand the nonconforming use of the automotive transmission and repair business by adding another nonconforming use—the firearms business. The report stated, in pertinent part:

> "Operation of a business that would bring firearms to the neighborhood is counter to the establishment of a residential zone, for the purpose of promoting the public health, safety and general welfare and refer to zoning ordinance, Article 1, Section 100, statement of purpose and consistency with the comprehensive plan. Further, municipal goal 1.2 of the comprehensive plan is to provide for separation of and buffering between land uses that are incompatible."

Additionally, the Planning Department stated that the property "could continue to have beneficial use for operation of the existing auto repair business." In sum, it was the Planning Department's recommendation that the application for a use variance be denied. The Zoning Board of Review ultimately voted to deny the application for a use variance. On November 16, 2022, the Zoning Board of Review recorded its written decision reflecting said vote.

On December 5, 2022, the plaintiff corporation appealed the Zoning Board of Review's decision to the Superior Court. Subsequently, on March 21, 2023, the plaintiff corporation filed a "Motion for Leave to Present Additional Evidence." A hearing on that motion was held on April 27, 2023. At that hearing, the plaintiff corporation requested that the matter be "remanded to the * * * Zoning Board to hear additional evidence relative to what the zone is * * *." The plaintiff corporation

further stated that it had not received proper notice of the 1992 zoning amendment. The plaintiff corporation contended that, if the 1992 zoning amendment was not properly enacted, then the previous M-2 zone would still be in effect—which would have enabled it to apply for a special use permit.

The City countered by contending that the Zoning Board of Review does not have the authority to determine the validity of a zoning ordinance. The City argued that plaintiff would need either to amend its original complaint so as to include a count for declaratory judgment or opt to file a separate declaratory judgment action in Superior Court. Among other contentions, the City additionally emphasized that the plaintiff corporation never appealed the building official's indication in May of 2022 that the plaintiff corporation's use of the property was classified as a General Business use.

The hearing justice denied the plaintiff corporation's motion for leave to present additional evidence to the Zoning Board of Review. The hearing justice stated that he declined to grant that motion "based on a number of factors, the first being it is 31 years ago." An order to that effect was entered on May 8, 2023.

On July 19, 2023, the plaintiff corporation filed an amended complaint, which added a declaratory judgment count (Count II), seeking a declaration that the 1992 zoning amendment was null and void due to procedural defects. Additionally, in Count II of the amended complaint, the plaintiff corporation also sought both a

declaration that its property was in an M-2 Heavy Industrial zone and a declaration that it had standing to challenge the zoning classification. The amended complaint also added members of the City of Central Falls City Council as defendants.[5]

Thereafter, the City filed a motion to dismiss Count II of the amended complaint. In its memorandum in support thereof, the City asserted that the plaintiff corporation had failed to exhaust its administrative remedies. The City further argued that, pursuant to G.L. 1956 § 45-24-53(h), the plaintiff corporation had failed to allege that the purported procedural defects in the 1992 zoning amendment notice were intentional and misleading.

A hearing on the City's motion to dismiss was held on February 7, 2024. The hearing justice, who was different from the hearing justice who had presided over the plaintiff corporation's motion for leave to present additional evidence, ultimately denied the City's motion to dismiss. The hearing justice determined that, because the Zoning Board of Review lacks the authority to rule on the validity of a zoning amendment, which would have made the exhaustion of administrative remedies futile, the Superior Court did have "subject matter jurisdiction to hear this issue." In addition, the hearing justice ruled that, taking the plaintiff corporation's "assertions as true, it cannot conclusively be determined that the alleged failure was not

---

[5]     A second amended complaint was filed on March 14, 2024. That fact is of no moment with respect to the instant appeal.

- 7 -

intentional or misleading because the totality of the circumstances as alleged before this [c]ourt lack evidence of intent and any notice from [d]efendants." An order reflecting the hearing justice's decision was entered on February 20, 2024.

The parties next proceeded to file memoranda in the Superior Court regarding the plaintiff corporation's zoning appeal (Count I). Although there was no evidence presented relative to Count II, the City contended in its memorandum that "any evidence or consideration regarding the [1992 zoning amendment] must be excluded from [the Superior Court's] review of the record for the appeal," and the court added that the Superior Court "must limit its review to the Certified Record when making its determination on the existence of substantial evidence existing on the record." The City also contended that the plaintiff corporation had not exhausted its administrative remedies and that it did not have standing to challenge the zoning ordinance.

On April 19, 2024, a written decision was entered. The trial justice—who was different from the two previous hearing justices—denied the plaintiff corporation's zoning appeal, finding that the Zoning Board of Review did not err in denying the plaintiff corporation's application for a variance because it had properly found, based on the evidence in the record, that the property already had a viable, beneficial use in the form of the automotive transmission and repair business. Turning to Count II, the trial justice stated that, "[a]lthough these issues were briefly

- 8 -

raised in the hearing on the Application and in the decision, the certified record is devoid of evidence the [c]ourt can use to declare such rights and status." The trial justice added that, as a result, it would be "procedurally improper to decide the declaratory judgment action in this current appeal," and he dismissed Count II without prejudice.

An order dismissing the plaintiff corporation's zoning appeal was entered on April 26, 2024; final judgment was entered on May 20, 2024. The plaintiff corporation filed a premature notice of appeal on May 2, 2024; an amended notice of appeal was filed on June 20, 2024.

## II

## Issues on Appeal

On appeal, the plaintiff corporation asserts that the trial justice overlooked and misconceived evidence by limiting his review to the certified record of the Zoning Board of Review. The plaintiff corporation further contends that there is a genuine issue of material fact as to the zoning classification of its property. It is also the plaintiff corporation's contention that the City's "defense of failure to exhaust administrative remedy does not apply to the facts of this case."

## III

## Standard of Review

It has long been established that the decision to grant or deny declaratory relief rests within the sound discretion of the trial justice. *See Bruce Brayman Builders, Inc. v. Lamphere*, 109 A.3d 395, 397 (R.I. 2015); *Town of Barrington v. Williams*, 972 A.2d 603, 608 (R.I. 2009). The trial justice's decision to grant or deny declaratory relief "will not be disturbed on appeal unless the record demonstrates a clear abuse of discretion or the trial justice committed an error of law." *Hagenberg v. Avedisian*, 879 A.2d 436, 441 (R.I. 2005). Accordingly, this Court reviews "a trial justice's ruling in the declaratory judgment context with an eye to whether the court abused its discretion, misinterpreted the applicable law, overlooked material facts, or otherwise exceeded its authority." *Bruce Brayman Builders, Inc.*, 109 A.3d at 397 (internal quotation marks omitted).

## IV

## Discussion

The plaintiff corporation argues that, in limiting his review to the certified record of the Zoning Board of Review and in failing to address the additional documents and evidence that were introduced in Superior Court, the trial justice overlooked material evidence relative to Count II. It is the plaintiff corporation's view that Count I and Count II are "mutually intertwined in attaining a final

adjudication" of its zoning appeal; for that reason, the plaintiff corporation contends that it "has to pursue a Court adjudication and decision as to its Count II Declaratory Judgment request, in order to get a final adjudication and decision as to its Count I Zoning Appeal action." The plaintiff corporation additionally argues that there is a genuine issue of material fact as to the zoning classification of the plaintiff corporation's property and that the requirement of exhaustion of administrative remedies does not apply to this case.

The City, for its part, presents several arguments as to why the trial justice did not err in dismissing Count II. First, the City asserts that the instant case is moot because the proposed use—"General Business" use—is not permitted in either the M-2 zone or the R-2 zone. Second, the City argues that the plaintiff corporation has not demonstrated that it was entitled to notice of the 1992 zoning amendment. Third, it is the City's position that the plaintiff corporation "has not presented evidence which overcomes the presumption of validity enjoyed by the [o]rdinance." Fourth, the City contends that the plaintiff corporation lacks the requisite standing to bring this action. Fifth, the City argues that the "dismissal of Count II should not be treated as a final order and this case is not ripe for appeal." Sixth and finally, the City states that the doctrine of laches is applicable and bars the plaintiff corporation's claim.

This Court has held that "[i]t is the function of the trial justice to undertake fact-finding and then decide whether declaratory relief is appropriate." *Town of*

*Barrington*, 972 A.2d at 608. In the case at bar, the trial justice determined that "the certified record is devoid of evidence the [c]ourt can use to declare such rights and status" as it pertained to Count II. The trial justice ultimately concluded that it was "procedurally improper to decide the declaratory judgment action in this current appeal," thereby dismissing Count II without prejudice. It is evident to this Court that the fact-finding that a trial justice must ordinarily undertake in the course of determining whether to grant declaratory relief did not occur in this case. In fact, the trial justice made it clear that it was his view that he was unable to conduct the requisite fact-finding based on the record before him. As a result, we are unable to conduct any meaningful review of the request for declaratory relief at this time because we have no meaningful factual findings or legal determinations upon which to base an analysis. *See Mill Road Realty Associates, LLC v. Town of Foster*, 326 A.3d 1085, 1089-90 (R.I. 2024) ("[A]s a general rule, this Court does not opine on legal issues that have not been explored and analyzed in the first instance by the trial court.") (internal quotation marks omitted).

For that reason, it is our opinion that it would be appropriate and in the interest of justice for us to remand this case to the Superior Court in order to afford all parties the opportunity for meaningful review. *See Riley v. Narragansett Pension Board*, 275 A.3d 545, 555 (R.I. 2022).

On remand, it will be necessary for the Superior Court to conduct a new hearing, after which it should make findings of fact and determine, based on those factual findings, whether the plaintiff corporation should be afforded the declaratory relief that it has sought.

## V

## Conclusion

For the reasons set forth in this opinion, we vacate in part the judgment of the Superior Court and remand the case to the Superior Court for a new hearing in accordance with this opinion. The record may be returned to that tribunal.

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Koziol Firearms, Inc. v. Kevin Marchand, in his capacity as member of the Zoning Board of Review of the City of Central Falls, Rhode Island, et al. |
| **Case Number** | No. 2024-128-Appeal.<br>(PC 22-6796) |
| **Date Opinion Filed** | May 13, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Jeffrey A. Lanphear |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Monica Horan, Esq. |
| | For Defendants:<br><br>Nicholas J. Hemond, Esq. |