**Supreme Court**

No. 2012-9-Appeal.
(PC 08-3279)

Cecilia Cigarrilha et al.                  :

v.                  :

City of Providence.                  :


NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Cecilia Cigarrilha et al.          :

v.          :

City of Providence.          :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**   On appeal, the plaintiffs, Cecilia and Manuel Cigarrilha, contend that the trial justice in the Superior Court erred in declining to declare that their three-family rental property, which is located in an area of the city of Providence that is zoned for no more than two-family dwelling units, was a pre-existing legal nonconforming use. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

It is undisputed that plaintiffs own real estate located at 24–26 Farragut Avenue in Providence (the property) and that they have owned the property jointly since 2000.[1] The parties agree that the subject dwelling units at 24–26 Farragut Avenue were constructed in approximately 1911—several years prior to 1923, the year in which Providence adopted its first zoning ordinance. Pursuant to the terms of the 1923 zoning ordinance, any uses established prior to the enactment of that ordinance were deemed to be grandfathered unless abandoned. Neither party disputes the fact that the property owned by plaintiffs is currently situated in a Residential R-2 zone, which zone is defined by the current zoning ordinance as being one "intended for low density residential areas comprising single-family dwelling units and two-family dwelling units in detached structures located on lots with a minimum land area of five thousand (5,000) square feet." See Providence Code of Ordinances, Part II, ch. 27, art. I, sec. 101.

In 2008, plaintiffs sought permits from the city so that they might restore electrical meters at the Farragut Avenue property. Before issuing the requested permits, the city conducted an inspection of the property, during which plaintiffs were found to be in violation of several provisions of the city's housing code and Rhode Island's building code. Most pertinently, the inspection revealed that the property was being used as a three-family dwelling and that, therefore, it was not in compliance with the above-quoted provision of the zoning ordinance. The city maintains that the area in which the property is located is zoned for single- and two-

---

[1] In fact, Cecilia Cigarrilha has been an owner of the property since 1985, having at that time acquired joint ownership with her former husband as tenants by the entirety.

family residences, and it contests plaintiffs' contention that they should benefit from the grandfathering provision.

On May 1, 2008, plaintiffs commenced this action in the Superior Court for Providence County by filing a verified complaint as well as a motion for a temporary restraining order. In that motion, plaintiffs sought to enjoin the city from enforcing the city's codes based upon the above-referenced violations; in addition, they sought to compel the city's building official to issue all permits necessary with respect to restoring the electrical meters. After a hearing on the motion for a temporary restraining order, a motion justice of the Superior Court ordered that the city issue building permits that would allow plaintiffs to restore electricity to the property (with a proviso that the basement of the property was not to be used "for habitable occupancy"). The motion justice also made it clear that her order was temporary and that its purpose was "to restore the property to the status quo" until an administrative hearing could be held before the city's zoning board on the issue of what plaintiffs contended was the legal nonconforming use of the property.

Following the May 1, 2008 hearing in the Superior Court, plaintiffs filed with the city's zoning board an appeal of the city official's determination that their property was an illegal three-family dwelling. After a hearing on July 22, the zoning board affirmed the city official's determination that using the property as a three-family dwelling was illegal.

Thereafter, plaintiffs filed an amended verified complaint in their pending Superior Court action, in which they appealed the zoning board's decision and sought a declaration that their use of the property as a three-family dwelling was a legal nonconforming use. In due course, a nonjury trial took place, during which the parties submitted an agreed statement of facts and a number of exhibits. The exhibits included, inter alia, a fire inspection record from 1940, which

record indicated that the property was then being occupied in a two-family manner, and certain tax assessment records from the 1940s, which records indicated that the property had been taxed as a three-family dwelling. The parties agree that that manner of taxing the property has continued since that time.

Thereafter, the trial justice issued a written decision, in which he found that plaintiffs had failed to meet their burden of proving that the property was used as a three-family dwelling prior to the enactment of the city's first zoning ordinance in 1923. He therefore declined to declare that the property constituted a legal nonconforming use. The trial justice also ruled that plaintiffs had failed to establish that either equitable estoppel or the equitable doctrine of laches precluded the city from enforcing its zoning ordinance.

The plaintiffs filed a timely notice of appeal. They assert three arguments on appeal: (1) that the trial justice erred in concluding that the property was not a nonconforming use; (2) that the trial justice erred in concluding that tax assessments had no bearing on the issue of nonconforming use and did not provide a basis for holding the city to be equitably estopped; and (3) that the trial justice erred in declining to allow plaintiffs to rely upon the doctrine of laches as a basis for ruling that the city should not be permitted to enforce the provision of the zoning ordinance that prohibits using the property in a three-family manner.

**II**

**Standard of Review**

In an action for declaratory relief, a justice of the Superior Court has "discretion to grant or deny declaratory relief under the Uniform Declaratory Judgments Act * * *." Town of Barrington v. Williams, 972 A.2d 603, 608 (R.I. 1999); see also G.L. 1956 § 9-30-1 ("The superior * * * court upon petition * * * shall have power to declare rights, status, and other legal

relations whether or not further relief is or could be claimed."). The trial justice's denial of a request for declaratory judgment will be sustained absent an abuse of discretion or clear error. See Town of Richmond v. Rhode Island Department of Environmental Management, 941 A.2d 151, 155 (R.I. 2008). Accordingly, this Court reviews a decision by a trial justice in a declaratory judgment action in order "to determine whether the court abused its discretion, misinterpreted the applicable law, overlooked material facts, or otherwise exceeded its authority." Id. (internal quotation marks omitted). We are also guided by the principle that this Court affords the "[f]actual findings of a trial justice in a nonjury case * * * great weight and will not * * * disturb[] [them] on appeal unless they are clearly wrong or unless the trial justice has overlooked or misconceived material evidence." Cullen v. Tarini, 15 A.3d 968, 977 (R.I. 2011) (internal quotation marks omitted).

### III

### Analysis

### A

### The Merits of the Nonconforming Use Contention

We have previously noted that a "nonconforming use is a particular use of property that does not conform to the zoning restrictions applicable to that property but which use is protected because it existed lawfully before the effective date of the enactment of the zoning restrictions and has continued unabated since then." RICO Corp. v. Town of Exeter, 787 A.2d 1136, 1144 (R.I. 2001). It is axiomatic that the "burden of proving a nonconforming use is upon the person or corporation asserting the nonconforming use"; it is also a basic principle that that "burden cannot be sustained by hearsay or unsworn testimony or when the evidence of such alleged prior use is contradictory." See id. The proponent of a nonconforming use must shoulder that burden

because the law views nonconforming uses as "thorn[s] in the side of proper zoning [which] should not be perpetuated any longer than necessary." Duffy v. Milder, 896 A.2d 27, 37 (R.I. 2006). Indeed, in Duffy, we bluntly stated that "[t]he policy of zoning is to abolish nonconforming uses as speedily as justice will permit." Id. (internal quotation marks omitted).

The plaintiffs contend that the trial justice erred when he declined to sufficiently consider the tax assessment records because of his view that they constituted inadmissible hearsay. In order to succeed in having their property declared a legal nonconforming use, plaintiffs were required to prove that the Farragut Avenue property was used as a three-family dwelling at the time of the enactment of the zoning ordinance **in 1923**. See RICO Corp., 787 A.2d at 1144. We note that all evidence in the record, including the tax assessment records, postdate 1923. Bearing in mind the previously described burden of proof that the law imposes upon plaintiffs, it is our view that we need not address plaintiffs' above-referenced contention because the evidence of any use of the property after 1923 is irrelevant to the determination of legal nonconforming use. As the trial justice correctly noted, the record is silent as to the use of the property in 1923; accordingly, we perceive no error in the trial justice's conclusion that plaintiffs failed to sustain their burden of proof. Therefore, in our view, the trial justice did not abuse his discretion in declining to declare that plaintiffs' property was a legal nonconforming use, nor did he misinterpret the applicable law, overlook facts, or otherwise exceed his authority. See Town of Richmond, 941 A.2d at 155.

**B**

**The Equitable Estoppel Contention**

In an effort to win judicial approval of the use of their property as a three-family home, plaintiffs contend that the trial justice, by not properly considering certain tax assessment records

concerning the property, erred in not allowing the doctrine of equitable estoppel to preclude the city from enforcing its codes. The plaintiffs argue that the city has benefited from taxing the property as a three-family dwelling "for an excess of seven decades." The city, in response, points out that plaintiffs have benefited from the rental income on what it refers to as the "illegal third unit."

This Court has clearly indicated what must be present for equitable estoppel to be potentially applicable:

> "The indispensable elements of an estoppel are, first, an affirmative representation or equivalent conduct on the part of the person against whom the estoppel is claimed which is directed to another for the purpose of inducing the other to act or fail to act in reliance thereon; and secondly, that such representation or conduct in fact did induce the other to act or fail to act to his injury." Lichtenstein v. Parness, 81 R.I. 135, 138, 99 A.2d 3, 5 (1953); see also Providence Teachers Union v. Providence School Board, 689 A.2d 388, 391–92 (R.I. 1997) (citing Lichtenstein, 81 R.I. at 138, 99 A.2d at 5).

We agree with the trial justice that there is no evidence in the record that the city acted or made any representation which induced plaintiffs to act. Although plaintiffs pointed to tax assessments from the 1940s, they did not supply the trial justice with any conduct on behalf of the city that would lead to reliance that injured them. Moreover, simple reliance on taxes assessed (which taxes the parties agree are assessed based upon actual use) does not result in the equities being balanced in plaintiffs' favor. The plaintiffs benefited from additional rental income, thus negating the injury requirement of equitable estoppel.[2] See Providence Teachers Union, 689

---

[2] We note that, having determined that there is no evidence in the record that the city committed any act which induced plaintiffs to act to their detriment, we need not and therefore do not reach the issue of whether or not the doctrine of equitable estoppel would be appropriate in this case.

A.2d at 391–92. After a careful review of the record before the trial justice, we perceive no basis for holding that he erred in declining to apply the doctrine of equitable estoppel against the city.

## C

### The Laches Contention

Finally, plaintiffs contend that the equitable doctrine of laches should be applied so as to shield them from the city's efforts at enforcement of its ordinances.[3] We have noted that "[l]aches is an equitable defense that precludes a lawsuit by a plaintiff who has negligently sat on his or her rights to the detriment of a defendant." O'Reilly v. Town of Glocester, 621 A.2d 697, 702 (R.I. 1993). In order to pass upon the applicability (vel non) of the doctrine of laches in a particular case, the court looks to two considerations: (1) whether there has been negligence that has led to "a delay in the prosecution of the case"; and (2) whether that delay has prejudiced the adverse party. See School Committee of Cranston v. Bergin-Andrews, 984 A.2d 629, 644 (R.I. 2009) (internal quotation marks omitted). It is also well established that "the applicability of the defense of laches in a given case generally rests within the sound discretion of the trial justice." Hazard v. East Hills, Inc., 45 A.3d 1262, 1270 (R.I. 2012). For that reason, we "will not reverse the trial justice's decision on what constitutes laches on appeal unless it is clearly wrong." Id. (internal quotation marks omitted).

The trial justice in the instant case specifically found that the city had not "acted negligently" due to the fact that the city took the appropriate steps against the property in taxing

---

[3] The plaintiffs have articulated their argument concerning laches as follows:

> "In this particular instance the City sat on its rights, if it had any, for over 70 years. To hold [plaintiffs] responsible to try to prove something that occurred more than 70 years ago while the City refused to enforce its own rights, whatever they might be, demands the use of the concept of laches."

its actual use and in promptly enforcing its codes once it learned of the violations. He further stated that, even if he believed that the city had acted negligently, he would "not use laches to sanction an illegally established nonconforming use in contravention of the Zoning Ordinance." In our view, the trial justice was not "clearly wrong," <u>see</u> <u>id.</u>, especially given our clear adherence to the principle that nonconforming uses "should not be perpetuated any longer than necessary" and that they should be "abolish[ed] * * * as speedily as justice will permit." <u>See</u> <u>RICO Corp.</u>, 787 A.2d at 1145.

## IV

## Conclusion

For the reasons set forth in this opinion, the judgment of the Superior Court is affirmed. The record in this case may be remanded to that tribunal.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:** Cecilia Cigarrilha et al. v. City of Providence.

**CASE NO:** No. 2012-9-Appeal.
(PC 08-3279)

**COURT:** Supreme Court

**DATE OPINION FILED:** May 15, 2013

**JUSTICES:** Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:** Associate Justice William P. Robinson

**SOURCE OF APPEAL:** Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Bennett R. Gallo

**ATTORNEYS ON APPEAL:**

For Plaintiffs: Daniel R. Sumner, Esq.

For Defendant: Michael A. Calise, Esq.